UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY T. DUNBAR, SR., | ) | CASE NO. 5:12cv2636 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DAVID WOLGAMOTT, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Timothy T. Dunbar, Sr. ("plaintiff") filed this action against Canton Police Officers David Wolgamott ("Wolgamott") and Joseph Bays ("Bays"), and private citizens James Pitt and Jessica Crank. (Doc. No. 1.) In the complaint, plaintiff generally alleges that Canton Police Officers responded to an automobile accident and conducted their investigation improperly. He seeks monetary damages and an order dismissing a charge of aggravated menacing.

Plaintiff also filed an application to proceed *in forma pauperis*. That application is **GRANTED**.

### I. BACKGROUND

Plaintiff's complaint is brief and, at points, nearly illegible.[1] He contends he was a passenger in a vehicle driven by Chester Crank, defendant Jessica Crank's son, when the vehicle was in an accident. Plaintiff alleges that, while he was unconscious, Chester Crank exited the

---

[1] The original complaint filed by plaintiff is written in pencil. It was scanned for purposes of electronic filing and portions of the resulting copy are too light to read. The Court directed the clerk to re-scan the original complaint,

vehicle and walked home, where he told his mother to tell her husband, defendant James Pitt (who owned the vehicle), to report that the car had been stolen. Apparently, Mr. Pitt did so.

Plaintiff alleges he was still unconscious in the vehicle when the police arrived at the scene of the accident. He contends Officers Wolgamott and Bays pulled him from the car without requesting assistance from emergency medical personnel. He theorizes that this may have exacerbated injuries he suffered in the collision. Plaintiff indicates that he has a history of seizures, that he suffered a seizure immediately following the accident, and that he informed the officers of the post-collision seizure, but the officers ignored him. He contends he was not read his rights and was not provided medical attention. He inquired about the reason he was in custody but did not receive an answer he deemed to be adequate. Although the complaint is not entirely clear, it appears plaintiff was taken to jail and booked.[2] He also contends his smart phone was damaged when he was pulled from the car.

As relief, plaintiff indicates he would like this Court to order the defendants to compensate him for defamation of character, reimburse him for his phone, and pay for any medical treatment that may be needed. He also asks for a dismissal of the charge of aggravated menacing and a review of "how Stark County places dismissed felony charges on the records along with conviction charges in a way that is misleading." (Compl. at 30.)

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action

---

using settings on the copier that will darken the original to a point where it can be read when filed electronically, and to add that darker version to the electronic record. (*See* Doc. No. 1-4.)

[2] The complaint mentions a charge of "aggravated menacing" that plaintiff wants this Court to dismiss. (Compl. at 30.)

2

under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.

### III. ANALYSIS

Plaintiff provides very little indication of the claims for relief he wishes to assert in this action. Aside from a specific mention of a claim for defamation of character, the complaint consists largely of a narrative of events.

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Generally speaking, the

Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.s. 386, 392 (1987).

Diversity of citizenship does not exist in this case as plaintiff alleges both he and the defendants are residents of Ohio. *See* 28 U.S.C. §1332; *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (stating that federal courts only entertain jurisdiction of cases based on diversity of citizenship under § 1332 if there is complete diversity, i.e. where no plaintiff is the citizen of the same state as any defendant).

Therefore, if federal jurisdiction exists in this case it must be because the case raises a federal question. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue; (2) are completely preempted by federal law; or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, it is not entirely clear whether plaintiff is attempting to assert claims arising under federal law. As a *pro se* plaintiff, he enjoys the benefit of a liberal construction of his complaint. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation . . . to construe a *pro se* petition 'to encompass any

4

allegation stating federal relief.'" *Haines*, 404 U.S. at 520. The only claim plaintiff directly identifies in the complaint is one for defamation of character, which arises under state tort law, not federal law.

Plaintiff, however, alleges in very general terms that Officers Wolgamott and Bays did not seek medical attention for him after the accident. Allegations suggesting a detainee was incarcerated and denied medical care after an automobile accident may state a cause of action under 42 U.S.C. § 1983 for denial of due process if the circumstances are clearly sufficient to indicate the need of medical attention for an injury or illness. *Fitzke v. Shappell*, 468 F.2d 1072, 1075-76 (6th Cir. 1972). In *Fitzke*, the plaintiff "alleged that his arrest followed on the heels of and stemmed from an automobile accident, that he was limping, that he complained of pain and numbness in his leg, and that he requested medical attention." *Id.* at 1077. The Sixth Circuit determined that the plaintiff's allegations reflected circumstances "sufficient to indicate the need of medical attention for injury or illness," *id.* at 1076, and "[a]ccordingly, the complaint state[d] a cause of action cognizable under 42 U.S.C. § 1983." *Id.*

Plaintiff does not allege facts to clearly indicate what injuries, if any, he sustained in this collision. He does, however, state he believes he had a seizure after the collision occurred and that he lost consciousness. At the pleading stage, plaintiff need only allege sufficient facts on the face of the complaint that suggest a plausible cause of action to meet federal notice pleading requirements. Because the limited allegations set forth in the complaint suggest a cause of action under 42 U.S.C. § 1983, the Court is unwilling to dismiss this claim *sua sponte* under 28 U.S.C. §1915(e).

Other assertions made by plaintiff do not, however, survive analysis. First, plaintiff alleges that officers damaged his smart phone. He provides no other information

5

explaining how it was damaged or what type of claim he may be asserting with regard to these actions. Unlike his claim concerning the failure to provide medical care after the collision, damage to his cellular telephone does not suggest a particular cause of action. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to "construct full blown claims from sentence fragments[.]" *Beaudett*, 775 F.2d at 1278. To do so would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. The Court has already given the pleading a very broad reading to encompass any cause of action that may be reasonably construed on its face. There are no facts alleged in the pleading which suggest a claim related to the smart phone that plaintiff may be intending to pursue.

    Plaintiff asks the Court to award him damages for defamation of his character. As noted above, this claim arises under Ohio tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726.

In this case, plaintiff fails to state a claim for defamation upon which relief may be granted. Defamation is a "false publication that injures a person's reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace, or affects him adversely in his trade or business." *Sweitzer v. Outlet Commc'ns., Inc.*, 133 Ohio App.3d 102, 108 (1999). Under Ohio law, to state a claim for defamation, plaintiff must allege: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher, (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Mawaldi v. St. Elizabeth Health Ctr.*, 381 F.Supp.2d 675, 688 (N.D. Ohio 2005) (citing cases). Plaintiff does not indicate which statement he believes to have been false, who made the statement, or whether that statement was communicated to a third party or published in some fashion. This claim is asserted entirely as a legal conclusion, which does not meet the basic pleading requirements of Fed. R. Civ. P. 8. *Iqbal*, 556 U.S. at 678.

Finally, plaintiff seeks an order "dismiss[ing] the charge of aggravated menacing since it evolved from a false police report." (Compl. at 30.) It is well-established that a section 1983 action is not the vehicle for challenging criminal charges and/or convictions. *Prieser v. Rodriguez*, 411 U.S. 475 (1973) ("habeas corpus relief is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement").

## IV. CONCLUSION

For all the foregoing reasons, plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **GRANTED**.

Plaintiff's claim against Officers Wolgamott and Bays under 42 U.S.C. § 1983 for failure to provide medical care will proceed and is not dismissed at this juncture.

The remainder of the claims in plaintiff's complaint are all **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3] The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

**IT IS SO ORDERED**.

Dated: September 26, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."